**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2735-24

JORGE WEISS,

     Plaintiff-Respondent,

v.

EMMITT WORTHY,

     Defendant-Appellant.

_____

Submitted April 29, 2026 – Decided May 22, 2026

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. LT-000029-24.

Emmitt Worthy, self-represented appellant.

Respondent has not filed a brief.[1]

PER CURIAM

---

[1] Plaintiff submitted a non-participation letter.

Defendant Emmitt Worthy appeals from a March 28, 2025 order denying his motion to declare a certification with attached documents related to this landlord-tenant action confidential or, in the alternative delete the documents from the court's electronic filing system (eCourts).  We affirm.

I.

After plaintiff Jorge Weiss filed an eviction action against defendant, the parties entered a February 8, 2024 consent judgment pursuant to Rule 6:6-4. The parties agreed in the consent judgment, commonly known as a "pay-and-go agreement," to the immediate entry of a judgment for possession.  Defendant agreed to vacate from the leased premises on or prior to November 30, 2024. Plaintiff agreed no warrant of removal would be effectuated to remove defendant from the leased premises until at least noon on November 30, provided defendant continued to pay increased rent of $1,610 per month beginning in March.  Defendant also agreed plaintiff could retain his security deposit.

On November 15, defendant emailed plaintiff's counsel requesting an extension of the November 30, 2024 move-out date to August 2025, citing difficulty finding alternative housing.  In exchange, defendant offered to pay additional increased rent in an amount to be negotiated.  Defendant claimed plaintiff never responded to his request for a hardship stay.  On December 17,

A-2735-24

2024, plaintiff filed a certification asserting defendant had breached the consent judgment by failing to pay October and November 2024 rent and failing to vacate the premises by the agreed upon November 30 date.

On December 19, 2024, defendant filed an order to show cause (OTSC) objecting to plaintiff's certification of breach claiming he had paid October and November 2024 rent and he needed additional time to move out. On January 3, 2025, the judge denied the OTSC and authorized the issuance of a warrant of removal. Defendant has not provided the transcript of the OTSC proceeding.

A warrant of removal was issued on January 21, 2025. Two days later, plaintiff filed a second OTSC seeking reconsideration of the January 3 order. Defendant also requested a stay of the execution of the warrant of removal pending disposition of the second OTSC. Defendant again argued he paid rent in accordance with the consent judgment. The judge denied defendant's second OTSC in an order stating the application was duplicative of the first.[2] Defendant has not provided a transcript of the second OTSC proceeding.

On March 4, defendant filed a motion to classify eight eCourts transactions in the landlord-tenant action as confidential or to delete them from the case jacket, again arguing plaintiff's certification asserting a breach of the

---

[2] The order denying defendant's second OTSC is undated.

consent judgment for possession lacked a factual basis. Defendant also claimed he had requested a "hardship stay" from plaintiff on November 3 by email but he had not received a response. Defendant has not submitted any evidence he requested a statutory hardship stay from the court pursuant to N.J.S.A. 2A:42-10.1.

On March 28, 2025, the judge denied defendant's motion, finding no basis in law or in fact to grant the relief sought and concluded each of defendant's substantive arguments had already been decided. The warrant of removal was effectuated, and defendant was removed from the premises. The eviction date is not included in the record.

On appeal, defendant contends the judge erred in denying his motion because plaintiff's certification supporting the claimed breach of the consent judgment for possession lacked a factual basis. Defendant contends the transactions related to the landlord-tenant action should be deleted from eCourts or deemed confidential because he paid the October and November 2024 rent and requested a hardship stay from plaintiff. Defendant also argues the judge deprived him of due process and equal protection, adequate access to the legal system, displayed bias, and failed to conduct impartial hearings, which resulted in a miscarriage of justice.

II.

A.

We review orders denying motions to seal judicial records for abuse of discretion. Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 380 (1995). "A court abuses its discretion when its 'decision is "made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pine Ridge Realty Assocs., LLC v. A.O., 483 N.J. Super. 487, 492 (App. Div. 2026) (quoting State v. Chavies, 247 N.J. 245, 257 (2021)). The abuse of discretion standard requires us to "generously sustain [the trial court's] decision, provided it is supported by credible evidence in the record." Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384 (2010).

We are unconvinced the judge's denial of defendant's motion was an abuse of discretion because Rule 1:38-3(f)(11) does not apply to restrict public access to the landlord-tenant records at issue here.

"The Court Rules establish a general rule in favor of open judicial proceedings, except upon a showing of good cause." In re T.I.C.-C., 470 N.J. Super. 596, 607 (App. Div. 2022) (Hammock, 142 N.J. at 367-69, 375, 380-82). Rule 1:38-3(f)(11) excludes from public access records of matters "in which no

judgment of possession ever has been entered" or "in which judgment for possession was entered seven years ago or longer."  The "[e]xceptions enumerated [in Rule 1:38-1] shall be narrowly construed in order to implement the policy of open access to records of the judiciary."  Ibid. (quoting R. 1:38-1).

Because a judgment for possession was entered against defendant by consent only fifteen months before his motion was filed, Rule 1:38-3(f)(11) is plainly inapplicable.  Although defendant alleges generally, without specifics or corroborating documentation, that public access to the records may negatively impact his credit, application of Rule 1:38-3(f)(11) mandated denial of defendant's motion to deem the records confidential or to delete them from eCourts.  Accordingly, we discern no abuse of discretion in the judge's entry of the March 28, 2025 order.

## B.

We are constrained to reject the remainder of defendant's arguments because we have not been provided with a record sufficient to review them.  See R. 2:6-1(a)(1)(I); State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (quoting Cmty. Hosp. Grp. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005)) ("We are not 'obliged to

attempt review of an issue when the relevant portions of the record are not included.'").

Defendant has not provided transcripts of any of the trial court proceedings. Thus, we lack the ability to discern what evidence, if any, defendant provided to the judge in support of his contention he paid rent in accordance with the consent judgment for possession. The purported rent receipts submitted on appeal do not demonstrate payment was made to plaintiff and are for amounts less than the agreed-upon rent in the consent judgment. Moreover, it is undisputed defendant did not vacate by the agreed upon November 30 deadline and, therefore, he breached the terms of the consent judgment on that basis alone.

Without the relevant transcripts, we also cannot rule on the remainder of defendant's arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

7